UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIRECTV, INC, et al.,                              No. C 04-3829 JSW (JL)

       Plaintiffs,

   v.                                              **BRIEFING ORDER**

ERIC LUCCHESI,

       Defendant.
_____/

      The district court (Hon. Jeffrey S. White) referred the Motion for Default Judgment pursuant to Civil Local Rule 72 and 28 U.S.C. § 636(b) for Report and Recommendation. This Court hereby orders the Plaintiff to submit additional briefing on the following issues:

      **General factual assertions.** Plaintiff must provide admissible evidence showing that Defendant did in fact purchase the Pirate Access Device and the date of that purchase.

      **18 U.S.C. § 2520**. Recovery under § 2520 is governed by a two year statute of limitations. Plaintiff asserts discovery on September 10, 2002, of Defendant's alleged purchase of a device designed to illegally intercept Plaintiff's satellite broadcasting. Plaintiff then filed its claim against Defendant September 10, 2004. Section 2520(e) provides that no civil action may be brought later than two years after the date Plaintiff had a "reasonable opportunity to discover the violation." Plaintiff must provide to the Court admissible factual

evidence to support the assertion that the violation was discovered on September 10, 2002, and not prior to that date.

Plaintiff may wish to address the issue of tolling the statute of limitations. Judge Ware extended the deadline for filing claims within the statute of limitations until August 26, 2004. Given that Plaintiff did not file this claim prior to the August date Plaintiff may want to discuss any other reason why the Court should extend the statute of limitations.

**47 U.S.C. § 605(e)(4)**. Plaintiff must provide to the Court evidence supporting the claim that Defendant "programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV satellite programming." (Complaint at 5, 6). Plaintiff must also submit factual evidence to support the claim that Defendant "engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of satellite programming." (Motion for Default Judgment at 6). The Court will not view Defendant's admission by default as creating liability absent a factual showing as to these assertions. The Court will accept, without factual support, that Defendant removed and/or inserted a device into a valid DirecTV Receiver.

Additionally, Plaintiff should be aware that the Court plans on applying the three-pronged test as laid out in *DirecTV, Inc., v. Hendrix*, 2005 WL 757562, *4 (N.D.Cal.); *DirecTV, Inc., v. Little*, 2004 U.S. Dist. LEXIS 16350, *17 (N.D.Cal.) (*citing International Cablevision, Inc. v Sykes,* 75 F.3d 123, 133 (2nd Cir. 1996); *Allarcom Pay Television, Ltd. V. General Instrument Corp.,* 69 F.3d 381, 385-386 (9th Cir. 1995)). Plaintiff will not meet its burden absent a showing that (1) the defendant distributed or sold equipment; (2) the equipment primarily assisted in decrypting satellite signals; and (3) the defendant knew or had reason to know that the equipment primarily aided the unauthorized use of such signals. Plaintiff should describe how facts support a claim under this test. Plaintiff currently alleges that "by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendant engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of satellite programming." (Complaint at 6). Even taken as true, under the three-pronged test

above, these facts do not state a cause of action under § 605(e)(4) because they do not address the issue of distribution or sale of the product.

The Court will hear any argument Plaintiff wishes to make as to why this test is inappropriate in this situation.

**Attorney Fees**. Currently Plaintiff's evidence and claim for attorney's fees are inconsistent. Plaintiff must submit a claim for attorney's fees that correctly reflects which individuals worked on the case and their hourly rates.

Accordingly, Plaintiff shall provide the Court with further briefing on the issues above on or before October 5, 2005.

The hearing on Plaintiff's Motions for Default Judgment is continued to October 12, 2005, at 9:30 a.m.

IT IS SO ORDERED.

DATED:   September 28, 2005

_____
JAMES LARSON
United States Magistrate Judge